IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Freddie L. Curtis,<br><br>     Plaintiff,<br><br>  vs.<br><br>Dr. Ryan Ziteke; Dr. Danny Ford; Gilead Products,<br><br>     Defendants. | Civil Action No. 3:21-cv-420-CMC<br><br><br>**ORDER** |

This matter is before the court on Plaintiff's *pro se* Complaint.  ECF Nos. 1 (Complaint), 13 (Amended Complaint), 17 (Supplement).  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), D.S.C., the matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings. On April 12, 2021, the Magistrate Judge issued a Report and Recommendation ("Report") recommending this matter be summarily dismissed without prejudice and without issuance and service of process.  ECF No. 18.  The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so.  Plaintiff filed objections on April 28, 2021.  ECF No. 21.

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).  The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that

"in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

Plaintiff's objections highlight some factual corrections to the Report, such as which physician performed his surgery. ECF No. 21. He also notes he has difficulty reading and understanding the legal paperwork, and is trying to do his best because he is in pain. He includes an amount he is seeking from each Defendant, and states "please don't dismiss my case. I am telling the truth." ECF No. 21-1 at 1.

The court does not doubt Plaintiff's truthfulness regarding his medical difficulties. However, the court agrees with the Report these Defendants are not amenable to suit under § 1983, as they appear from all documentation to be private physicians, not employees of the state or in any way connected to Plaintiff's detention in Sumter-Lee Regional Detention Center. The surgery and care by these physicians appear to have taken place prior to Plaintiff's incarceration. Therefore, the proper way to bring these claims would be via medical malpractice action in state court, not under § 1983, which requires that a defendant acted "under state law." Even though Plaintiff alleged in conclusory terms that each Defendant acted under state law in his initial complaint, he also noted the employer of the physicians was "Prisma Health Hospital," a private entity. In addition, Gilead Products, a pharmaceutical company, is a private entity. Defendants cannot be sued under § 1983 without further connection to a state entity (for example, if the physicians contracted to treat inmates through the South Carolina Department of Corrections or other like entity). Plaintiff has alleged no facts tending to show Doctors Ziteke and/or Ford were

2

acting under color of state law when they treated him, or that Gilead Products somehow acted under color of state law; therefore, they cannot be sued under § 1983.[1]  *See West v. Atkins*, 487 U.S. 42, 49-50 (1988) ("The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'").

After a de novo review of the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court agrees with the Report's recommendation this matter must be dismissed.  Plaintiff's claims against these Defendants are not ones that can be brought under § 1983. Accordingly, the court adopts the Report by reference in this Order.  This matter is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
May 5, 2021

---

[1] Plaintiff has been provided the opportunity to amend his Complaint but has failed to allege state action; therefore, it appears he is unable to do so.

3